## In re INTERNATIONAL MINING & MILLING CO.

## In re MOUNT GAINES MINING CO.

### Nos. A–34–A, A–35–A.

District Court, D. Nevada.
Sept. 25, 1942.

James T. Boyd, of Reno, Nev., for trustee.

H. H. Atkinson, of Reno, Nev., for Stockholders' Protective Committee.

Sterling Carr and Francis P. Walsh, both of San Francisco, Cal., for Humphrey Estates, Inc., et al.

Edward D. Landels and Thomas E. Palmer, both of San Francisco, Cal., for California Pacific Deed & Trust Co., et al.

NORCROSS, District Judge.

The trustee of above named debtors filed a petition for an order to show cause why the Mount Gaines Mining Company, debtor, should not be granted "the judgment and decree of this Court:" that said debtor "is the owner of an undivided three-fourths of all of the mining claims" under a certain lease and option, set out as "Exhibit A" to said petition, and "was such owner ever since August 28, 1939," and for other incidental matters.

A number of special appearances have been entered and motions to dismiss interposed, based on jurisdictional and other grounds.

The basic question of law upon the hearing of the motions to dismiss presents, primarily, the construction to be placed upon the said lease and option. The following excerpts therefrom will sufficiently present the question:

"This Agreement of lease with option to purchase * * * entered into this 16th day of December, 1933 by and between * * *: ·

*      *      *      *      *

"Now therefore, the Owner in consideration of the Lessees fulfilling the covenants and agreements herein contained to be by them kept and performed, does by these presents give and grant unto the Lessees a lease for the period of ten years (10 yrs.) from the date hereof upon said Mine and all appurtenances thereto upon the following terms and conditions with the right and privilege to mine, extract, mill and remove ores, metals and values therefrom:

*      *      *      *      *

"That said Lessees shall carry on all mining and milling operations so that if it is within reason and mining possibilities, such work shall develop as much ore as is now in sight (developed or exposed) in said mine:

"That Lessees shall pay as a royalty to the Owner ten per cent (10%) of all production of and from said mine, from the gross returns of ores shipped and sold, the returns from all recovery of ores milled, concentrates, amalgams, mint returns on bullion. Said royalty payments to be considered as a rental only, and all such payments to be made in and through the Security First National Bank of Los Angeles, California.

"That all payments shall be made and accompanied by a duplicate copy of such returns, not later than the 25th day of following calendar month; and that upon said 25th day Lessees shall make in writing a full report of all operations, developments, and exposures of moment:

*      *      *      *      *

"In consideration of, and the faithful compliance thereto by said Lessees of the foregoing agreement and covenants therein, the said Owner agrees that upon written application of the Lessees to grant unto said Lessees a further lease upon said Mine, its improvements and acquisitions, an extension of this lease for a further term of ten years under the same covenants, royalties and rights.

"Said Owner, for and by the considerations and agreements herein therefore grants unto the Lessees an option to purchase an undivided three-fourth (3/4) interest in said mine, property and all appurtenances thereto for the sum of Fifty Thousand Dollars ($50,000.00) at any time within the period of this lease and or any extension of time thereof; provided this lease shall be in force and effect. Said purchase price shall be payable as follows: Ten Thousand Dollars ($10,000.00) to be paid in cash at the time of notice to the first party of the exercising of said option to purchase, and a like sum of Ten Thousand Dollars ($10,000.00) to be paid on or before the expiration of each and every period of six (6) calendar months thereafter, until said purchase price of

Fifty Thousand Dollars ($50,000.00) shall be fully paid. It is further agreed that seventy-five per cent (75%) of the royalties and rental payments paid under this lease shall be applied and credited upon the purchase price of the said three-fourth (3/4) interest in said property herein provided to be sold in event the second parties exercise said option and purchase said property hereunder, and shall from time to time be credited upon the installment of purchase price next becoming due and payable after the first installment herein mentioned.

"It is agreed that in the event the Lessees exercising the before mentioned option to purchase, the payment shall be made in the Bank before mentioned herein and that the Owner shall upon notice of such tender of payment deposit in said Bank a good and sufficient deed of conveyance to the Optionees for the three-fourth (3/4) interest."

Exhibit "B" of the petition is a copy of the notice, claiming election to exercise the option to purchase. The material portion thereof reads:

"To C. F. Humphrey, * * *, and California Pacific Title & Trust Company, Trustee:

"Please take notice that the undersigned, * * *, lessee and optionee under that certain agreement of lease with option to purchase, made the 16th day of December, 1933, * * * all the rights, title and interest of the lessees therein named having heretofore been assigned to the undersigned Corporation, hereby elects to exercise, and does exercise, the option to purchase mentioned in said above named agreement; further, that the undersigned Corporation has paid to you, the present owners, lessors and optionors of the property * * * and or your predecessors in interest, as royalties falling due thereunder, the full sum of $13,333.34, three-fourths of which sum may, at the election of the undersigned, be applied toward and upon the purchase price of said property, and that the undersigned does elect that three-fourths of the amount of said royalties, to-wit, the sum of $10,000, do apply upon said purchase price and do constitute the $10,000, cash payment required, pursuant to the terms of the above mentioned agreement, to be paid upon the giving of this notice. "Dated: May 25, 1937.

"Mount Gaines Mining Company "(Seal)        By A. G. Ilsing, President."

Exhibit "C" of the petition is a copy of the reply of said named trustee, of date June 9, 1937, to the above claim (Exhibit B) of exercise of option to purchase. The said reply contains the following statement: "Also, * * * that said purported notice is of no force or effect and does not constitute an election to exercise said purported option for the reason that the sum of Ten Thousand and No/100 (10,000.00) Dollars in cash did not accompany your said notice, the payment thereof as part of the purchase price being specifically provided for under the terms of said lease. * * *."

It is clear from a reading of the "agreement of lease with option to purchase" that, if such option is not exercised or until it is exercised to the extent of first payment, the legal relationship of the parties continues only as that of lessor and lessee. Until there is "notice" of exercise of the "option to purchase," accompanied with "cash" payment, of first installment, it is specifically provided that the "royalty" payments of "ten per cent (10%) of all production" are "to be considered as rental only." If the option is in part exercised, by the payment of one or more of the installment payments, "as in the agreement of lease with option" provided, then, until final payment is made, "seventy-five per cent (75%) of the royalties and rental payments * * * shall be applied and credited upon the purchase price * * * and shall from time to time be credited upon the installment of purchase price next becoming due and payable after the first installment herein mentioned." The above quoted expression, "royalties and rental payments," clearly refer to the preceding expression—"Lessees shall pay as a royalty to the Owner ten per cent (10%) of all production * * *. Said royalty payments to be considered as rental only, * * *." After the first installment is "paid in cash," then 75% of the amount of said "royalty payments" are to be credited upon the ensuing purchase price installment payments as they fall due, and not "as rental only."

The express language of the lease and option agreement leaves no basis for an interpretation that the said payments, made prior to election to exercise the option, specifically declared "to be considered as rental only" may, by such mere declaration of exercise of option, be so changed in character that three-fourths of

the amount thereof, theretofore paid, ceases to be "rental only," as expressly designated in the agreement, but the property of the lessee and optionee and applicable, if sufficient in amount, to payment not only of the first installment but that of any or all the others.

The said debtor, not having tendered a cash payment of the full amount of the first installment of the total option purchase price, at the time of giving written notice of the claimed exercise of such option, such option has not as yet been complied with and the trustee is not entitled to the relief prayed for in his petition. James on Option Contracts Secs. 813–817; 35 C.J. 1038–1042, secs. 181–187.

The motions to dismiss are granted without prejudice.